IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUERNEVILLE BUSINESS CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>ALBERT L. BOASBERG, et al.,<br><br>    Defendants.<br>_____/ | No. C-11-4913 MMC<br><br>**ORDER GRANTING DEFENDANT BOASBERG'S MOTION TO DISMISS; AFFORDING PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT; VACATING MARCH 30, 2012 HEARING; CONTINUING CASE MANAGEMENT CONFERENCE** |

    Before the Court is defendant Albert L. Boasberg's ("Boasberg") "Motion To Dismiss Action Under Fed. R. Civ. P. 12(b)(6) For Failure To State A Claim Upon Which Relief Can Be Granted," filed December 1, 2011.[1] Plaintiff Guerneville Business Corporation has filed opposition, to which Boasberg has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for March 30, 2012, and rules as follows:

---

[1]The motion is also brought on behalf of defendant Arthur O. Fonden ("Fonden"). On December 15, 2011, plaintiff filed a Motion for Disqualification, which plaintiff subsequently amended on two occasions. By its motion for disqualification, plaintiff seeks to disqualify Boasberg, an attorney, from representing Fonden in the above-titled action; plaintiff does not seek an order prohibiting Boasberg from representing himself. Given the pendency of plaintiff's motion for disqualification, the Court will treat the instant motion to dismiss as having been brought solely on behalf of Boasberg.

1. The First Cause of Action alleges a violation of 18 U.S.C. § 1028, which statute prohibits certain uses of false identification documents.  As a number of courts have recognized, however, no private cause of action exists under § 1028.  See, e.g., Garay v. U.S. Bancorp, 303 F. Supp. 2d 299, 302 (E.D. N.Y. 2004) (citing cases); Rahmani v. Resorts Int'l Hotel, Inc., 20 F. Supp. 2d 932, 937 (E. D. Va. 1998), aff'd, 182 F.3d 909 (4th Cir. 1999).  The Court finds said authorities persuasive, and, accordingly, the First Cause of Action will be dismissed without leave to amend.

2. The Second of Action alleges a violation of 18 U.S.C. § 1033, which statute prohibits certain types of misappropriation involving insurance funds.  Although "[t]he Attorney General may bring a civil action . . . against any person who engages in conduct constituting an offense under section 1033," see18 U.S.C. § 1034(a), Congress has not provided for a private right to enforce violations of § 1033, let alone provided private parties with remedies for such violations.  See Alexander v. Sandoval, 532 U.S. 275, 286-89 (2001) (holding "private rights of action to enforce federal law must be created by Congress"; finding courts may not infer private right of action from federal statute unless Congress displayed "intent to create not just a private right but also a private remedy").  Accordingly, the Second Cause of Action will be dismissed without leave to amend.

3. The Third Cause of Action alleges a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968.  As Boasberg correctly observes, plaintiff fails to allege sufficient facts to state a claim thereunder.  First, plaintiff fails to allege "at least two acts of racketeering activity," see H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 237 (1989), let alone two or more acts that are "interrelated by distinguishing characteristics . . . [,] are not isolated events," see id. at 239-40, and "amount to or pose a threat of continued criminal activity," see id. at 239.  Second, to the extent the claim is based on a "fraudulent" act constituting racketeering activity (see Compl. ¶ 41), the claim fails for the reason plaintiff fails to allege fraud with the requisite particularity required by Rule 9(b) of the Federal Rules of Civil Procedure, see Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004) (holding Rule 9(b) "applies to civil

RICO fraud claims"). Lastly, plaintiff fails to allege the existence of an "enterprise," because plaintiff alleges no facts to support a finding that Boasberg and others formed a "vehicle for the commission of two or more crimes" and that the "various associates" function or functioned "as a continuing unit." See Odom v. Microsoft Corp., 486 F.3d 541, 552-53 (9th Cir. 2007). Accordingly, the Third Cause of Action will be dismissed; as stated below, however, the Court will afford plaintiff leave to amend said cause of action.

      4. The deficiencies identified above with respect to the First, Second, and Third Causes of Action are wholly applicable to all other defendants named therein, and, accordingly, said causes of action will be dismissed as to all defendants. See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (holding, where court grants motion to dismiss as to one defendant, court may dismiss claims against non-moving defendants "in a position similar to that of moving defendants").

      5. Plaintiff's remaining causes of action arise under state law, and, because the parties are not diverse in citizenship, the Court's jurisdiction over the state law claims is supplemental in nature. See 28 U.S.C. § 1367(a). Where, as here, a court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction. See 28 U.S.C. § 1367(c)(3). Here, given the early stage of the proceedings, the Court declines to exercise supplemental jurisdiction over the state law claims. Accordingly, the state law claims will be dismissed without prejudice to refiling in state court, or, if plaintiff elects to amend the Third Cause of Action, without prejudice to refiling in this action.

**CONCLUSION**

For the reasons stated above:

1. Boasberg's motion to dismiss is hereby GRANTED, as follows:

    a. The First and Second Causes of Action are DISMISSED in their entirety, without leave to amend;

    b. The Third Cause of Action is DISMISSED in its entirety, with leave to amend; and

    c. The remaining causes of action are hereby DISMISSED in their entirety, without prejudice.

  2. In the event plaintiff wishes to file a First Amended Complaint, plaintiff shall file it no later than April 6, 2012.[2]

  3. The Case Management Conference is hereby CONTINUED from April 20, 2012 to June 8, 2012, at 10:30 a.m. A Joint Case Management Statement shall be filed no later than June 1, 2012.

  **IT IS SO ORDERED.**

Dated: March 16, 2012

MAXINE M. CHESNEY
United States District Judge

---

[2] In any such First Amended Complaint, plaintiff may, as set forth above, only amend his Third Cause of Action, and replead and/or amend the state law claims alleged in the initial complaint. Plaintiff may not add any new federal or state law claims, or add any new defendant, without first obtaining leave of court. See Fed. R. Civ. P. 15(a)(2).

4