IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUERNEVILLE BUSINESS CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>ALBERT L. BOASBERG, et al.,<br><br>    Defendants.<br>_____/ | No. C-11-4913 MMC<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR DISQUALIFICATION** |

    Before the Court is plaintiff Guerneville Business Corporation's ("GBC") "Motion for Disqualification of Albert L. Boasberg as Attorney for Arthur O. Fonden," filed December 15, 2011. Defendants Albert L. Boasberg ("Boasberg") and Arthur O. Fonden ("Fonden") have filed opposition, to which GBC has replied. Having read and considered the papers filed in support of and in opposition to the motion,[1] the Court deems the matter suitable for

---

[1] On March 7, 2012, after briefing on the motion had been completed, GBC renoticed the motion for a new hearing date and also amended the motion. Under the Local Rules of this District, with two exceptions inapplicable to the instant matter, "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." See Civil L.R. 7-3(d). GBC did not seek, let alone obtain, leave to amend its motion after it had filed a reply. Accordingly, the March 7, 2012 filing, other than the notice of the changed hearing date, is hereby STRICKEN, and the motion as initially filed remains before the Court. The Court notes, however, that consideration of the entirety of the March 7, 2012 filing would not affect the Court's ruling herein, as said filing is, in essence, a restatement of the arguments made in the motion and reply as initially filed.

1 determination on the parties' respective written submissions, VACATES the hearing
2 scheduled for March 30, 2012, and hereby rules as follows.[2]

3     "Before an attorney may be disqualified from representing a party in litigation
4 because his representation of that party is adverse to the interest of a current or former
5 client, it must first be established that the party seeking the attorney's disqualification was
6 or is 'represented' by the attorney in a manner giving rise to an attorney-client relationship."
7 Civil Service Comm'n v. Superior Court (County of San Diego), 163 Cal. App. 3d 70, 76-77
8 (1984).

9     In the above-titled action, GBC asserts Fonden "conspired" with defendants
10 Boasberg and Scott J. Mandell "against GBC in order to avoid payment of insurance
11 proceeds to GBC" by defendant Clarendon America Insurance Company ("Clarendon").
12 (See Mot. at 3:12-14.) In particular, GBC has alleged said individual defendants purported
13 to file suit against Clarendon in GBC's name for the purpose of said defendants' obtaining
14 said proceeds. In seeking to disqualify Boasberg from representing Fonden, GBC takes
15 the position that Boasberg has a conflict, based on Boasberg's having previously
16 "represented" GBC in the above-referenced action. (See id. at 3:27 - 4:15.)

17     The Court is not persuaded. GBC has failed to offer sufficient evidence to support a
18 finding that GBC in fact has ever had an attorney-client relationship with Boasberg. Indeed,
19 in opposing Boasberg's motion to dismiss the complaint, GBC offered evidence to
20 demonstrate no such relationship existed. (See Shahani Decl., filed January 11, 2012,
21 ¶¶ 16-17 ("At no time did GBC . . . retain Boasberg or his firm to represent the interests of
22 GBC . . . in the Clarendon lawsuit.")). Consequently, GBC has failed to show it is entitled to
23 an order disqualifying Boasberg from representing Fonden.

24     The Court notes, however, that neither Fonden nor Boasberg has, to date, been

---

26     [2]By order filed March 16, 2012, the Court dismissed GBC's initial complaint, and,
27 consequently, at the present time, no claims are pending against Fonden. The Court, however, afforded GBC leave to file, no later than April 6, 2012, a First Amended
28 Complaint, and did not preclude GBC from realleging its claims against Fonden. Accordingly, the Court finds the issue addressed herein is not moot.

required to respond by answer to GBC's claims. Should one or more of the defendants, at a later stage of the proceedings, take the position that Boasberg did in fact represent GBC in the above-referenced earlier action, the issue of Boasberg's representation of Fonden may need to be revisited. Accordingly, the motion will be denied without prejudice.

## CONCLUSION

For the reasons stated above, GBC's motion for disqualification is hereby DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: March 26, 2012

MAXINE M. CHESNEY
United States District Judge