IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUERNEVILLE BUSINESS CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>ALBERT L. BOASBERG, et al.,<br><br>    Defendants.<br>_____/ | No. C-11-4913 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND; DISMISSING COUNTERCLAIM WITHOUT PREJUDICE; VACATING HEARING; DIRECTIONS TO CLERK** |

Before the Court is plaintiff Guerneville Business Corporation's ("GBC") "Motion for Leave to File [Proposed] First Amended Complaint," filed April 5, 2012. Defendants Arthur O. Fonden, Scott Mandell, and Albert L. Boasberg have filed a joint opposition, in which defendant Clarendon America Insurance Company has joined. GBC has filed a reply.[1] Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for May 18, 2012, and rules as follows.

---

[1] GBC failed to provide the Court with a chambers copy of its reply. Nonetheless, the Court has considered it. For future reference, GBC is reminded that, pursuant to Northern District General Order 45 and this Court's Standing Orders, parties are required to provide for use in chambers one paper copy of each document that is filed electronically, such copy to be delivered no later than noon on the day after the document is filed electronically.

1    By order filed March 16, 2012, the Court dismissed GBC's initial complaint in its
2 entirety. In particular, the Court (1) dismissed, for failure to state a claim and without leave
3 to amend, GBC's claims that defendants violated 18 U.S.C. § 1028 and 18 U.S.C. § 1033,
4 (2) dismissed, for failure to state a claim and with leave to amend, GBC's claim that
5 defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and
6 (3) dismissed without prejudice GBC's state law claims, the Court having declined to
7 exercise supplemental jurisdiction over said claims in light of the dismissal of each of the
8 federal claims alleged in the initial complaint. The Court afforded GBC leave to file, no later
9 than April 6, 2012, a First Amended Complaint for the purpose of amending its RICO claim
10 and repleading and/or amending its existing state law claims.

11   By the instant motion, GBC seeks an order allowing it to file a proposed First
12 Amended Complaint ("Proposed FAC") differing from that set forth in the Court's March 16,
13 2012 order. Specifically, the Proposed FAC does not include an amended RICO claim, but,
14 rather, consists of (1) the seven causes of action arising under state law alleged in the
15 initial complaint and (2) five new causes of action, two of which are alleged against a
16 proposed new defendant, First Republic Bank.[2]

17   As noted, the Court has declined to exercise supplemental jurisdiction over GBC's
18 state law claims. Accordingly, unless the Court would have original jurisdiction over at least
19 one of the new proposed claims, or circumstances exist such that the Court should
20 reconsider its prior ruling with respect to the exercise of supplemental jurisdiction, the
21 motion to amend will be denied.

22   In that respect, GBC initially argues that the Court would have original jurisdiction
23 over several of the proposed new claims. The Court disagrees.

24   First, contrary to GBC's argument, the Court would not have original jurisdiction over
25 the proposed First and Second Causes of Action, by which GBC alleges violations of state
26 law by First Republic Bank. GBC asserts that a district court has original jurisdiction over

---

[2] The Proposed FAC is filed an exhibit to GBC's motion.

2

1  claims brought against a bank "regulated under the Federal Deposit Insurance Corporation
2  ('FDIC')" (see Proposed FAC ¶ 3); GBC, however, cites no authority for said proposition, at
3  least where, as here, the claim is based entirely on state law, nor has the Court located any
4  such authority.  Although federal district courts have original jurisdiction over claims brought
5  by or against the FDIC itself, see 12 U.S.C. § 1819(b)(2)(A), no similar statute exists as to
6  claims brought by or against banks regulated by the FDIC.[3]

7        Second, contrary to GBC's argument, the Court would not have original jurisdiction
8  over the proposed Twelfth Cause of Action, which asserts a claim for declaratory relief.
9  Specifically, GBC alleges Clarendon America Insurance Company ("Clarendon") has
10 asserted, as a counterclaim in the instant action, that GBC is in breach of a settlement
11 agreement between itself and GBC (see Proposed FAC ¶ 107); GBC seeks a declaration
12 that it is not a party to said settlement agreement (see Proposed FAC ¶ 109).  Although the
13 proposed Twelfth Cause of Action is brought under the federal Declaratory Judgment Act,
14 28 U.S.C. § 2201 (see Proposed FAC ¶¶ 3, 106), "[t]he Declaratory Judgment Act is not an
15 independent source of federal subject matter jurisdiction," see Levin Metals Corp. v.
16 Parr-Richmond Terminal Co., 799 F.2d 1312, 1315 (9th Cir. 1986).  Rather, where, as
17 here, "a declaratory judgment plaintiff asserts a claim that is in the nature of a defense to a
18 threatened or pending action, the character of the threatened or pending action determines
19 whether federal question jurisdiction exists with regard to the declaratory judgment action."
20 See id.  The counterclaim, titled "Enforcement of Settlement Agreement" (see Clarendon's
21 Answer and Counterclaim, filed January 11, 2012, at 9:15 - 10:20), does not present a
22 federal question, but, rather, alleges a state law claim for breach of contract.[4]
23 //

---

[3] GBC also asserts that a district court has original jurisdiction over claims brought against "a bank financial institution organized under Federal law."  (See Proposed FAC ¶ 3.)  Even assuming GBC's assertion were correct, GBC's reliance on such proposition is unavailing, as GBC alleges First Republic Bank is organized under state law.  (See Proposed FAC ¶ 2.)

[4] Neither Clarendon, in its counterclaim, nor GBC, in its Proposed FAC or motion to amend, asserts that the Court has original jurisdiction over the counterclaim.

1       As noted above, the Court, in its March 16, 2012 order, has declined to exercise
2 supplemental jurisdiction over GBC's state law claims.  In its reply in support of the instant
3 motion to amend, GBC argues that should the Court find it would not have original
4 jurisdiction over any claim in the Proposed FAC, the Court nonetheless should exercise
5 supplemental jurisdiction over the state law claims therein.  Specifically, GBC argues, if its
6 state law claims were to be heard by a state court, GBC might be subjected to conflicting
7 rulings on the issue of whether Albert Boasberg ("Boasberg") and GBC had an attorney-
8 client relationship.  Assuming, <u>arguendo</u>, a potential for conflicting results counsels in favor
9 of the exercise of supplemental jurisdiction, GBC fails to show any such possibility exists
10 here.  Contrary to GBC's argument, the Court has not determined that an attorney-client
11 relationship between Boasberg and GBC never existed.  Rather, the Court, in an order
12 denying GBC's motion to disqualify Boasberg from representing one of the other
13 defendants, found GBC had failed to offer any evidence to show the existence of any such
14 relationship; further, the Court expressly ruled said issue could be revisited.  (<u>See</u> Order,
15 filed March 26, 2012, at 2:17- 3: 4.)

16       Accordingly, because the Court would not have original jurisdiction over any claim
17 alleged in the Proposed FAC, and because GBC has failed to show the Court should
18 reconsider its prior ruling declining to exercise supplemental jurisdiction over GBC's state
19 law claims, the motion for leave to file the Proposed FAC will be denied, without prejudice
20 to GBC's pursuing its state law claims in state court.

21       Finally, the Court, for the reasons stated in its March 16, 2012 order, declines to
22 exercise supplemental jurisdiction over Clarendon's counterclaim against GBC, and,
23 accordingly, the counterclaim will be dismissed without prejudice to Clarendon's refiling it in
24 state court.  <u>See</u> 28 U.S.C. § 1367(c)(3).

25 //
26 //
27 //
28 //

4

**CONCLUSION**

For the reasons stated above:

1. GBC's motion for leave to file its proposed First Amended Complaint is hereby DENIED; and

2. Clarendon's counterclaim is hereby DISMISSED without prejudice.

The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: May 8, 2012

MAXINE M. CHESNEY
United States District Judge